UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL DAVID GATTA,

    Petitioner,

-vs-                                        Case No. 8:15-cv-544-T-36AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Dkt. 1). Upon consideration of the petition, the Court ordered Respondent to show cause why the relief sought in the petition should not be granted (Dkt. 4). Thereafter, Respondent filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts (Dkt. 5). Petitioner filed a reply to the response (Dkt. 9).

Petitioner alleges two claims in his petition:

1.    "Petitioner was convicted of two manslaughter offenses steming [sic] from one single death in violation of the constitutional prohibition against multiple convictions for the same offense"; and

2.    "Trial counsel rendered ineffective assistance by failing to object when a crime the elements of which def[endant] had been acquitted on, was presented to the jury for consideration."

**I. PROCEDURAL HISTORY**

Petitioner was charged by Information with DUI manslaughter (Count One), manslaughter by culpable negligence (Count Two), and DUI with property damage or personal injury (Count

Three) (Respondent's Ex. 1). Each charge arose from a single incident on September 25, 2008, during which Petitioner drove a motorcycle while intoxicated and crashed the motorcycle, which killed his passenger Angela Fattarusso and destroyed a fence (*Id*.; Respondent's Ex. 2, Vol. I, pp. 61-62, Vol. IV, p. 420). During the jury trial, after the State rested its case, the State agreed to a judgment of acquittal on Count Three (Respondent's Ex. 2, Vol. IV, pp. 420-21). During the sentencing hearing, the trial court dismissed Count Two, entered an acquittal on Count Three, entered judgment on Count One, and sentenced Petitioner on Count One to 124.5 months in prison, to be followed by two years probation (Respondent's Ex. 4, pp. 5-6, 61; Ex. 5). The conviction and sentence were affirmed on appeal (Respondent's Ex. 8).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, asserting one ground of ineffective assistance of trial counsel and two grounds of trial court error (Respondent's Ex. 9). The motion was summarily denied (Respondent's Ex. 10), and the denial was affirmed on appeal (Respondent's Ex. 12).

Petitioner thereafter filed his federal habeas petition in this Court (Dkt. 1).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24

(2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is

appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

> what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III. ANALYSIS

**Ground One**

Petitioner contends that his convictions for both DUI manslaughter and manslaughter by culpable negligence violate the constitutional prohibition against double jeopardy, since the crimes were committed in a single criminal episode and involved the same victim. He argues that although the state trial court entered judgment only on the DUI manslaughter conviction and dismissed the manslaughter by culpable negligence conviction, "[m]erging and dismissing one of [the] charges after the oral pronouncement of guilt doesn't cure the double jeopardy violation, since that constitutional protection extends to convictions as well as punishment." (Dkt. 1, p. 6).

In state court, Petitioner raised this claim in Ground One of his Rule 3.850 motion (Respondent's Ex. 9, pp. 2-3). In denying the claim, the state post-conviction court stated:

> In Ground One, Defendant alleges that the trial court committed reversible error when it adjudicated him guilty on count one, DUI manslaughter, and count two, manslaughter culpable negligence, because both offenses originated from a single death. Defendant alleges that the jury found him guilty of counts one and two and that the trial court adjudicated him guilty on counts one and two. Defendant claims that at sentencing, the court attempted to correct a double jeopardy violation by

5

> merging and dismissing the two counts and imposing a "general sentence" on the DUI manslaughter count. Defendant avers that only sentencing on one of the convictions does not render the double jeopardy violation harmless. *(See* Motion, attached).
>
> ***
>
> The Double Jeopardy Clause provides three basic protections; namely, protection from a second prosecution for the same offense after acquittal, protection from a second prosecution for the same offense after conviction, and protection from multiple punishments for the same offense." [sic] *State v. Wilson,* 680 So. 2d 411, 413 (Fla. 1996). Examining those protections, Florida courts have held that convicting and sentencing a defendant for two homicide offenses that arise out of a single death violates double jeopardy principles. *Rodriguez v. State,* 875 So. 2d 642, 645 (Fla. 2d DCA 2004). The Court finds that while Defendant's assertion of legal principle may be accurate, his factual allegations regarding the alleged double jeopardy violation in his case lacks merit. After reviewing the record, the Court finds that Defendant was only adjudicated guilty and sentenced on count one. (*See* Judgment and Sentence, attached). Count two was dismissed. (*See* Judgment and Sentence, attached). Accordingly, Defendant was not convicted and sentenced for two homicide offenses that arose from the same death, and the court did not violate double jeopardy principles. Consequently, Defendant's Ground One is denied.

(Respondent's Ex. 10, pp. 2-3).

The state court's denial of the claim was not contrary to clearly established federal law or based on an unreasonable determination of the facts. "The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306 (1984). The Double Jeopardy Clause embodies three separate guarantees: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Justices*, 466 U.S. at 307-08 (citation and footnote omitted).

Petitioner did not receive multiple convictions or punishments for the same offense, since the state trial court entered judgment only on the DUI manslaughter conviction, sentenced Petitioner

6

only on that conviction, and dismissed the manslaughter by culpable negligence conviction (Respondent's Ex. 5). Accordingly, there was no double jeopardy violation. Ground One therefore does not warrant relief.

**Ground Two**

Petitioner contends that trial counsel was ineffective in failing to object "when a crime, the elements of which defendant had been acquitted on, was presented to the jury for consideration." He argues that the judgment of acquittal on count three (driving under the influence with property damage or personal injury) negated the necessary elements needed to convict him of count one (DUI manslaughter), and counsel should have objected to count one being presented to the jury.

In state court, Petitioner raised this claim in Ground Three of his Rule 3.850 motion (Respondent's Ex. 9, p. 4). In denying the claim, the state post-conviction court stated:

> . . . The Court finds that Defendant alleges counsel failed to object to a double jeopardy violation. However, because no such violation existed, counsel's objection would have been futile.
>
> A court violates the Double Jeopardy Clause if it pursues "postacquittal factfinding proceedings going to guilt or innocence" on a charge after it enters a judgment of acquittal on that charge. *Smith v. Massachusetts*, 543 U.S. 462, 467 (2005). This is because a judgment of acquittal "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Id*. at 468 (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977)) (internal quotation marks omitted). However, because double-jeopardy analysis focuses on the individual offense charged, jeopardy may terminate on some counts but still continue on others. *Id*. at 469 n.3. Here, the trial court entered a judgment of acquittal on count three only. Thus, although the court would have committed a double- jeopardy violation if it had held further factfinding proceedings on count three, it did not commit a double-jeopardy violation by moving forward on count one.
>
> Moreover, although the charges on count one and count three shared some similar elements, they were not the same offense for double-jeopardy purposes. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only

7

one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932). Thus, a single act may support convictions for two separate charges if each [sic] the statutory basis for each charge requires proof of an additional fact that the other does not. *Id.* Turning to the elements of each charge, the Court finds that the elements of DUI manslaughter are:

> 1. The Defendant drove or was in actual physical control of a vehicle;
>
> 2. While operating the vehicle, the defendant was under the influence of alcohol to the extent that his natural faculties were impaired or his blood-alcohol level was at or above .08 grams of alcohol per 100 milliliters of blood or 210 liters of breath; and
>
> 3. As a result of operating the vehicle, the defendant contributed to or caused the death of another.

*See* Fla. Stat. § 316.193(3)(c)3.a. (2009). The elements of DUI with property damage or personal injury are:

> 1. The Defendant drove or was in actual physical control of a vehicle;
>
> 2. While operating the vehicle, the defendant was under the influence of alcohol to the extent that his natural faculties were impaired or his blood-alcohol level was at or above .08 grams of alcohol per 100 milliliters of blood or 210 liters of breath; and
>
> 3. As a result of operating the vehicle, the defendant caused or contributed to the damage of property or injury to a person.

*See* Fla. Stat. § 316.193(3)(c)1. In the case at hand, the charge of DUI causing property damage or personal injury related to damage to a fence resulting from the crash. (*See* Trial Transcript, Vol. IV, pp. 420-421). The Court finds that because the DUI manslaughter charge requires an additional factual finding of death and the DUI with property damage or personal injury charge requires an additional factual finding of damage to property, the two charges are two separate violations for double-jeopardy purposes. *See also State v. Salazar*, 679 So. 2d 1183, 1183 (Fla. 1996) (finding that a defendant may receive separate convictions for DUI manslaughter and DUI with property damage or personal injury in instances where multiple injuries arose from the crash). Accordingly, under a double-jeopardy analysis, the judgment of acquittal on count three did not dictate the automatic acquittal on count one.

Thus, because any objection to proceeding on count one on the basis of double-jeopardy principles would have been futile, the Court finds that counsel

> cannot be found to be ineffective for failing to object on the grounds Defendant suggests. *See Gordon*, 863 So. 2d at 1223. Additionally, because the Court finds that a double-jeopardy objection would have been futile, it also finds that Defendant cannot demonstrate prejudice resulting from counsel's alleged failure. Consequently, **Defendant's Ground Three is denied**.

(Respondent's Ex. 10, pp. 5-7) (emphasis in original).

The state court's denial of this claim was not an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. Petitioner argues that his conviction on the DUI manslaughter count after being acquitted of the DUI property damage or personal injury count violates his double jeopardy rights. He is incorrect.

After the State rested its case, the trial court acquitted Petitioner on Count Three (DUI with property damage or personal injury) because the State conceded to a judgment of acquittal on that count, since it presented no evidence that Petitioner caused property damage to a fence (Respondent's Ex. 2, Vol. IV, pp. 420-21). Despite the acquittal, the State was permitted to try Petitioner on Count One (DUI manslaughter) because it was not the same offense as Count Three for double jeopardy purposes, since each offense contains an element not contained in the other. *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). "[T]wo offenses are the same unless each requires proof of an additional fact which the other does not." *Beverly v. Jones*, 854 F.2d 412, 414 (11th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989).

The crime of DUI manslaughter required proof of the death of another, an element not required for proof of DUI with property damage or personal injury. *See Stewart v. State*, 146 So. 3d 524, 525 (Fla. 1st DCA 2014) ("[T]he elements of DUI manslaughter are: (1) the defendant drove, (2) while intoxicated (more than .08 BAC), and (3) 'as a result of operating the vehicle, (defendant)

9

caused or *contributed* to the cause of the death of [the victim].'") (quoting Fla. Std. Jury Instr. 7.8) (emphasis in original). The crime of DUI with property damage or personal injury, in Petitioner's case, required proof of property damage, an element not required for proof of DUI manslaughter. Therefore, double jeopardy was not implicated. Accordingly, defense counsel was not ineffective in failing to raise a double jeopardy argument.

Petitioner has failed to establish that the state courts' adjudication of this claim was based upon an unreasonable determination of the facts, or that it was an unreasonable application of clearly established federal law. Accordingly, he is not entitled to federal habeas relief on Ground Two.

Any claims not specifically addressed in this Order have been determined to be without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The **Clerk** shall enter judgment accordingly and close this case.

3. This Court should grant an application for a Certificate of Appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make this showing.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case. And because Petitioner is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

---

[2]Pursuant to Rule 11 of the Rules Governing Section 2254 Cases In the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

10

**DONE AND ORDERED** in Tampa, Florida on February 2, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record